Filed 1/5/21  P. v. Wallace CA1/3

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIRST APPELLATE DISTRICT

DIVISION THREE

| | |
|---|---|
| THE PEOPLE, <br>     Plaintiff and Respondent, <br> v. <br> MICHAEL WALLACE, <br>     Defendant and Appellant. | A157757 <br><br> (Napa County <br> Super. Ct. No. CR181962) |

This is an appeal from judgment after the trial court revoked and reinstated with certain modifications the probation of defendant Michael Wallace following his commission of two probation violations.  Under this judgment, the trial court ordered defendant to, among other things, serve 90 days in jail and pay for and successfully complete an anger management program.  After defendant filed a timely notice of appeal, appellate counsel was appointed to represent him.  Appointed counsel has filed a brief pursuant to *People v. Wende* (1979) 25 Cal.3d 436 (*People v. Wende*), in which he raises no issue for appeal and asks this court for an independent review of the record.  (See *People v. Kelly* (2006) 40 Cal.4th 106, 123–124 (*People v. Kelly*).)  Counsel attests that defendant was advised of his right to file a supplemental brief in a timely manner, but defendant has not exercised this right.

1

We have examined the entire record in accordance with *People v. Wende*. For reasons set forth below, we agree that no arguable issue exists on appeal. Accordingly, we affirm.

## FACTUAL AND PROCEDURAL BACKGROUND

On February 6, 2019, a petition to revoke defendant's probation was filed, alleging that he failed to obey all laws by committing a criminal threat (Pen. Code, § 422).[1] On March 1, 2019, a second petition to revoke defendant's probation was filed, this one alleging that he failed to successfully complete an outpatient treatment program.

On May 30, 2019, a contested hearing was held on these petitions. C.M., a group facilitator for GEO Reentry Services, testified regarding a Cognitive Behavior Intervention for Substance Abuse group meeting she led on January 16, 2019, during which defendant made the alleged criminal threat. With about 12 individuals present, defendant became "[b]itter, angry [and] hostile" during a group discussion.[2] After making several negative comments, defendant looked at C.M. with an "odd facial expression" and said "people who hurt you, they can get what's coming to them. . . . [S]ome people even get shot." As he said this, defendant, looking at C.M., made a gun with his fingers and mimicked a shooting motion. C.M. was struck not only by defendant's facial expression but also by his tone of voice, which she described as "very precise, very clear, very intentional."

---

[1] Unless otherwise stated, all statutory citations herein are to the Penal Code.

[2] C.M. explained that defendant's anger toward her arose several weeks prior to this meeting, when she told him he was not eligible for promotion to "after care" because he lacked stable housing (even with a mailing address).

Scared, C.M. adjourned the meeting early and spoke with her colleagues, who recommended calling the police, which they did.[3] Two days later, defendant was discharged from the outpatient treatment program based on the January 16 incident. A few weeks later, C.M. filed a restraining order against defendant.

Following the contested hearing, the trial court found true the allegations that defendant violated probation by failing to obey all laws and being discharged from the outpatient treatment program. On July 3, 2019, the court then issued the order under challenge, revoking and reinstating defendant's probation with modified terms and conditions, including serving 90 days in jail and completing an anger management program.

On July 5, 2019, defendant timely appealed.

## DISCUSSION

Neither appointed counsel nor defendant has identified any issue for our review. Upon our own independent review of the record, we agree none exists. (*People v. Wende, supra*, 25 Cal.3d 436.) The trial court revoked defendant's probation after finding that he violated its terms and conditions by making a criminal threat in violation of section 422 and failing to complete the outpatient treatment program. The trial court then reinstated probation with the following modified terms and conditions imposed on defendant: (1) service of a 90-day jail term (with two days of actual custody credits); (2) orders to enroll in, pay for and successfully complete an anger management program and to refrain from using or possessing marijuana or

---

[3] C.M. did not think defendant would actually harm her but noted "that's always a possibility."

3

illegal drugs or substances;[4] (3) re-referral to the "Drinking Driver Program"; and (4) payment of $250 in indigent defense reimbursement fees, with a court waiver of $150 following a financial hearing.

Defense counsel did not object to these specific modifications. In any event, the court's judgment was appropriate. " '[T]he court may revoke and terminate . . . probation if the interests of justice so require and the court, in its judgment, has reason to believe from the report of the probation officer or otherwise that the person has violated any of the conditions of his or her probation . . . or has subsequently committed other offenses, regardless whether he or she has been prosecuted for such offenses.' (Pen. Code, § 1203.2, subd. (a).)" (*People v. Stanphill* (2009) 170 Cal.App.4th 61, 72.) "Revocation of probation is not part of a criminal prosecution, and therefore the full panoply of rights due in a criminal trial does not apply to probation revocations. . . . The standard of proof in probation revocation proceedings is proof by a preponderance of the evidence." (*Ibid.*)

Here, the court found defendant committed a criminal threat after a hearing at which C.M., the victim of his threat, gave competent testimony that sufficed to prove a violation of section 422[5] by a preponderance of the

---

[4] Defendant was also ordered to provide his probation officer with verification of any prescribed controlled substance within 72 hours of its prescription.

[5] Section 422 provides five elements: "(1) that the defendant 'willfully threaten[ed] to commit a crime which will result in death or great bodily injury to another person,' (2) that the defendant made the threat 'with the specific intent that the statement . . . is to be taken as a threat, even if there is no intent of actually carrying it out,' (3) that the threat—which may be 'made verbally, in writing, or by means of an electronic communication device'—was 'on its face and under the circumstances in which it [was] made, . . . so unequivocal, unconditional, immediate, and specific as to convey to the person threatened, [*sic*] a gravity of purpose and an immediate prospect of execution of the threat,' (4) that the threat actually caused the person

evidence. Nothing more was required. (See *People v. Avila* (2009) 46 Cal.4th 680, 703 [testimony from a single competent witness is sufficient proof of any fact].)

Under these circumstances, we uphold the trial court's decision to revoke defendant's probation and reinstate it with a few modified terms, including serving 90 days in jail; refraining from possessing or using marijuana or illegal substances; and enrolling in, paying for, and completing an anger management program. (See *People v. Segura* (2008) 44 Cal.4th 921, 932 ["During the period of probation, the court may revoke, modify, or change its order suspending imposition or execution of the sentence, as warranted by the defendant's conduct. (§§ 1203.2, 1203.3.)"].)

Having ensured defendant received adequate and effective appellate review, the July 3, 2019 order revoking and reinstating defendant's probation with certain modifications stands. (*People v. Kelly, supra*, 40 Cal.4th at pp. 117–119; *People v. Wende, supra*, 25 Cal.3d 436.)

## DISPOSITION

The judgment is affirmed.

---

threatened 'to be in sustained fear for his or her own safety or for his or her immediate family's safety,' and (5) that the threatened person's fear was 'reasonabl[e]' under the circumstances." (*People v. Toledo* (2001) 26 Cal.4th 221, 227–228.)

5

_____
Jackson, J.

WE CONCUR:


_____
Siggins, P. J.


_____
Fujisaki, J.

A157757/*People v. Michael Wallace*

6